STATE EX REL. HOULAHAN, by guardian *ad litem,* Appellant, vs. BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF MILWAUKEE and others, Respondents.

*December 14, 1921—January 10, 1922.*

*Municipal corporations: Pension funds for firemen: "Dependent daughter."*

Under secs. 9 and 10, ch. 87, Laws 1907, relative to a pension fund created for firemen of the city of Milwaukee, a daughter of a deceased member who is a normal, healthy child over the age of eighteen years is not a "dependent daughter" within the statute nor entitled to a pension, although her mother is dead and she has no property of her own.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.    *Affirmed.*

The appeal is from a judgment in favor of defendants ordering that an alternative writ of *mandamus* issued in favor of petitioner be quashed.

The petition alleged that on March 24, 1911, *Loretta Houlahan,* by the death of her father in line of duty, became a beneficiary of a pension fund created for members of the fire department of the city of Milwaukee pursuant to ch. 87, Laws 1907; that thereafter said *Loretta Houlahan* was classified by the board of trustees as a "minor child" and received a benefit of $40 per month until October 14, 1919, her eighteenth birthday; that she should have been classified as a "dependent daughter," and should continue to receive the benefit; and that the board of trustees had refused to change the classification on the ground that they could not review the action of a former board.

The petition further set out that *Loretta Houlahan* was ten years old at the time of her father's death; that her mother had died several years previous; that the father's estate did not exceed $2,500; and prayed that the board of trustees be required to classify the petitioner as a "dependent daughter."

Ch. 87, Laws 1907, reads as follows, in part:

"Sec. 9.  If any member of such fire department while contributing to such fund, shall, while engaged in the performance of his duties, be killed, . . . and shall leave a widow or minor child or children under eighteen years of age, or if there be no widow and there shall be any minor child or children or dependent daughter, or being unmarried shall leave a dependent father or mother, the said board shall direct the payment from said pension fund of the following sums monthly, to wit: to the widow . . . to the guardian of such minor child or children while widow is living, six dollars for each child until it reaches the age of eighteen years; to the guardian of such minor child or children where there is no widow surviving or where the widow dies before such child reaches the age of eighteen years the

amount the widow would have been entitled to until such child reaches the age of eighteen years; to the dependent daughter, father or mother, in case where there is no widow (but in any case only to one of them) the amount a widow would be entitled to in the particular case."

"Sec. 10. . . . No person shall be entitled to receive any benefit from any such fund other than that prescribed by this act and in no event shall any allowance be paid to any widow or daughter who marries after the death of the member through whom she is entitled to a pension, nor to any minor child after it attains the age of eighteen years, nor to any dependent daughter, mother or father except during such time as she or he shall continue to be dependent."

This statute, previous to 1907, included no beneficiary classed as a "dependent daughter."

The writ was quashed upon motion of defendants.

*James D. Foley* of Milwaukee, for the appellant.

For the respondents there was a brief by *Clifton Williams,* city attorney, and *John M. Niven,* first assistant city attorney, and oral argument by *Mr. Niven.*

JONES, J.    It will be seen that by the statute of 1907 there is added to the list of those who may receive the benefits of the pension fund a beneficiary designated as a "dependent daughter."    The problem presented is whether under this statute a normal, healthy child, a daughter, being a minor, is a dependent and entitled to a pension after reaching the age of eighteen years.

It is claimed by appellant's counsel that the amendment of 1907 adding the words "dependent daughter" includes all situations where there is left surviving by a deceased member of the fire department a dependent daughter irrespective of her age.    On the other hand, it is urged by respondents' counsel that the amendment created an entirely new and distinct class of beneficiaries for which previously no provision had been made; and this was the view adopted by the trial court.

In one sense any child of tender years is a dependent. If the deceased member of the department had left a son ten years of age or younger, he would have been like a daughter, dependent, but it must be conceded that he could not have been classified as a dependent under the statute, and it is difficult to perceive why the legislature should have singled out the daughter as entitled to a dependent's pension merely on the ground of minority and denied the privilege to the son equally needing it.

It seems to us the more reasonable explanation of the legislative meaning that it was intended to confer the pension upon a new class of beneficiaries. If a daughter over eighteen years of age, dependent by reason of some physical disability, should survive her father and her mother, there would be good reason for extending to her the same benefit which a dependent father or mother received under the statute.

The argument that mere minority and lack of property allowed the daughter to be classified as a dependent entitled to the pension indefinitely until her marriage or so long as dependency might continue seems to us inconsistent with the other language in the statute, "In no event shall any allowance be paid to any . . . minor child after it attains the age of eighteen years." If the legislature had the intention to continue the pension beyond the age of eighteen and until dependency ceased, the addition to the clause above quoted, as suggested by respondents' counsel, of the following words, "unless such child is a dependent daughter," would have made the meaning perfectly clear. The omission of any such language and the command that no allowance be paid to any minor child after the age of eighteen seem to lead to the conclusion that the petitioner was not in the class entitled to a dependent's pension.

It is claimed by respondents' counsel that the statute would include as a dependent a daughter who had taken the

mother's place as the head of the household, thus devoting herself to the interests of the family and depriving herself of the opportunity to learn how to earn her own living, and perhaps giving up her chances of marriage. But it is not necessary to decide this question. In some respects the meaning of the statute is not clear. We confine our decision to the facts of the present case, and hold that the mere fact that the claimant was a minor without property did not entitle her to be classified as a dependent daughter.

*By the Court.*—Judgment affirmed.